# Supreme Court of Texas

No. 22-0565

Theodore Stanley Landry,

*Petitioner*,

v.

Janelle Nicole Landry,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

This petition concerns the characterization of certain investment accounts in a divorce proceeding. The trial court determined that the accounts are Husband's separate property, but the court of appeals reversed, holding that Husband presented legally insufficient evidence of their separate character due to missing account statements that created gaps in the record. On review, we have determined that the "missing" account statements are, in fact, in the record. Accordingly, we reverse the court of appeals' judgment in part and remand to that court to perform a new sufficiency analysis.

Husband and Wife were married in 2003, and Wife filed for divorce in 2017.  As relevant here, Husband presented evidence at trial that two Charles Schwab investment accounts in his name preexisted the marriage.  Husband's expert witness testified that he traced the accounts and that, "except for reinvestments," the accounts were not commingled with community assets.[1]  The expert also testified that there was a four-month gap in the statements he reviewed—from July to October 2018—but that the missing statements did not affect his analysis in light of an established pattern of activity over the course of fifteen years.[2]  As noted, the trial court ultimately determined that the accounts were Husband's separate property; thus, they were not part of the community estate subject to a just and right division.

Wife raised several issues on appeal, almost all of which the court of appeals resolved in Husband's favor.  ___ S.W.3d ___, 2022 WL 1164658 (Tex. App.—Dallas 2022).[3]  However, the court of appeals held

---

[1] The "reinvestments" alluded to by Husband's expert were described in order to distinguish the assets in the accounts that "were mutations of investments that existed at the date of marriage."  The expert confirmed that the assets in the account at the time of his analysis were traceable and predated the marriage, supporting his characterization of them as separate property.

[2] Wife has asserted at times that the expert missed seventeen months of statements, but the expert's report references only the four-month period from July 2018 to October 2018.

[3] The court of appeals held: (1) the trial court did not abuse its discretion in excluding the testimony and report of Wife's expert witness; (2) the evidence was legally and factually sufficient to support the trial court's characterization of gifts of stock from Husband's father as his separate property; (3) the evidence was legally and factually sufficient to support the trial court's characterization of various loans and tax liens as community debt; and (4) the

2

that "Husband failed to adequately trace the separate-property character of the [Schwab] accounts" because of "missing account statements" creating "gaps" in the record. *Id.* at \*7. In light of those "gaps," the court of appeals held that Husband presented "no evidence of what happened with the accounts" during the period without statements. *Id.* Husband's expert, the court continued, could not paper over the gaps merely by showing an "established pattern" of account activity. *Id.* For this reason, the court of appeals determined that the district court's ultimate community-property division could not have been just and right because it was predicated on a mischaracterization of the Schwab accounts as separate property. *Id.* at \*9. It therefore reversed the portion of the trial court's judgment that divided the community estate and remanded the case for a new division, with the estate now including the accounts. *Id.* at \*10. Husband filed a motion for rehearing, which the court of appeals denied.

In this Court, Husband contends that the court of appeals overlooked evidence in the record, the absence of which was the basis for the court's holding that he failed to overcome the community-property presumption with respect to the two investment accounts.[4] There were no "gaps" or "missing statements," Husband insists, because even though his expert failed to see four months of statements, they were in

---

trial court did not abuse its discretion in awarding the marital residence to Husband. 2022 WL 1164658, at \*2-9. Wife does not challenge any of those holdings in this Court.

[4] Husband also argues that Wife waived the missing-statements issue in the court of appeals by failing to adequately brief it. We assume without deciding that Wife preserved the issue.

the record before the trial court and the court of appeals. Our own independent review of the record confirms that none of the statements pertaining to either of the two investment accounts at issue are, in fact, missing; all were submitted into evidence at trial and are part of the appellate record.

Notably, Wife does not dispute that all relevant statements are in the record. Instead, she argues that the court of appeals' analysis turned not on whether the statements were in the record, but whether they were reviewed by the expert. We disagree. The court of appeals concluded that the expert's testimony was insufficient because, without the missing statements, no evidence supported the expert's conclusion that the parties "followed the 'established pattern' [during those four months] of removing income earned by the account without withdrawing any of the separate property funds." *Id.* at *7. The court further noted that "Husband could have filled in the gaps created by the missing account statements by testifying about what happened with the accounts during that period." *Id.* The court of appeals clearly took issue with what it perceived to be the absence of the statements. And, as discussed, the purportedly missing statements were in the record, undermining the premise on which the court's legal sufficiency analysis was based.

Under these circumstances, we deem it best to remand the case to the court of appeals to address any challenge to the characterization of the two investment accounts with the relevant statements under

4

consideration.[5]   Without hearing oral argument, we grant Husband's petition for review, reverse the court of appeals' judgment in part, and remand the case to that court for further proceedings consistent with this opinion.  *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** March 22, 2024

---

[5] Husband alternatively argues that the evidence was sufficient to support the trial court's characterization even without the four disputed statements.  We decline to address this alternative argument before the court of appeals has conducted a legal sufficiency analysis with the record evidence at hand.